PROB 12C
Rev 2/03

# United States District Court

for

## Southern District of Ohio

FILED
JAMES BONINI
CLERK

05 OCT 24 AM 9:47

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Antoine S Lee**  Case Numbers: **CR 1-01-066**
**CR 1-03-144**

Name of Sentencing Judicial Officer:  **The Honorable Sandra S. Beckwith**
**Chief United States District Judge**

Date of Original Sentence: **April 29, 2004**

Original Offense: **Possession of Stolen Mail (CR 1-01-066) in violation of 18 USC § 1708, a class D felony.**

**Escape (CR 1-03-144) in violation of 18 USC § 751, a class D felony.**

Original Sentence: **24 months BOP confinement, 3 years supervised release, $7,718.84 in restitution**

**21 months BOP confinement, 3 years supervised release**

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **July 29, 2005**

Assistant U.S. Attorney: **Timothy D. Oakley, esq.**   Defense Attorney: **C. Ransom Hudson, esq.**

## PETITIONING THE COURT

[X]  To issue a warrant and toll the supervision time
[ ]  To issue an Order to Appear and Show Cause
[ ]  To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
| --- | --- |
| #1 | **New Law Violation:** |

On September 26, 2005, a warrant for Domestic Violence was issued for Lee's arrest. Lee remains at large as of the date of this petition.

The complaint alleges Lee struck his sister, Curtisha Lee in the face after a verbal dispute causing bruises.

#2         **Condition #6: You shall notify the probation officer ten days prior to any change of residence or employment;**

Upon release onto supervised release, Lee listed an address of 1930 Vine Street, Apt# 5, Cincinnati, Ohio 45202. The apartment was being leased by Lee's sister, Curtisha lee. After a domestic dispute, Lee's sister required Lee to leave the residence and Lee was not permitted to return. As of the date of this petition, Lee failed to notify this officer of his change in residence, and his whereabouts is currently unknown.

#3         **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;**

On August 2, 2005, Lee submitted a urine specimen which returned positive for marijuana.

#4         **Special Condition—The defendant shall participate in a program of substance abuse testing, treatment, and counseling and a program of mental health assessment and treatment at the direction of the probation officer.**

On August 2, 2005, Lee was referred to the Volunteers of America for substance abuse treatment. Lee missed two initial appointments, and never rescheduled for a third and final appointment. As a result, Lee was unsuccessfully terminated from the program for non-attendance.

On August 2, 2005, Lee was referred to Ikron, Inc. for a mental health assessment and treatment. Lee attended the assessment, but has failed to attend the treatment sessions as scheduled, and was unsuccessfully terminated for non-attendance.

Lastly, on September 7, 2005, Lee was given an instruction to report every Monday to provide a urine specimen for drug testing. Lee failed to report for drug testing on September 12, September 19, September 26, October 3, October 11, and October 17, 2005.

It should be noted, 18 USC § 3583(g)(3) requires revocation for failing to comply with drug testing requirements.

#5         **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;**

On October 3, 2005, Lee failed to report as instructed. In addition, he failed to submit his monthly report for the month of September 2005 as of the date of this petition.

**U.S. Probation Officer Recommendation:**

Lee has now failed three separate times on supervised release, and really prefers to be in prison by his admission. He has allegations of assault, and has failed to adhere to the treatment requirements set by the Court. Lee has an open warrant for his arrest, and his current whereabouts is unknown. There are also indications that Lee is engaging in other criminal behavior involving checks, ATM machines, and credit cards about which the police have been notified. Lastly, Lee is currently on supervision for Escape, which makes

PROB 12C
Rev 2/03

3

him a risk to flee prosecution. Based on these factors, this officer is respectfully recommending a warrant be issued for supervised release violation.

The term of supervision should be
    [X]    Revoked.
    [ ]    Extended for years, for a total term of years.
    [ ]    Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
    [ ]    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Approved,

Executed on **October 17, 2005**

by

Robert C. Frommeyer Jr.
U.S. Probation Officer

John C. Cole
Supervising U.S. Probation Officer
Date: 10-21-05

THE COURT ORDERS:

[ ] No Action
[X] The Court finds that there is probable cause to believe the defendant has violated the conditions of his supervised release and orders the Issuance of a Warrant for his arrest and toll the supervision time.
[ ] The Issuance of an Order to Appear and Show Cause
[ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ] Other

Signature of Judicial Officer

10/24/05
Date