**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 1:01-CR-066 |
| Plaintiff, | ) Case No. 1:03-CR-144 |
| | ) |
| vs. | ) |
| | ) |
| Antoine Lee, | ) |
| | ) |
| Defendant. | ) |

**ORDER REVOKING SUPERVISED RELEASE
INCLUDING SENTENCE**

**Supervised Release Violation**

      On November 8, 2005, the United States Probation Officer supervising Defendant Lee's release reported to the Court that Defendant Lee had been arrested in Columbus, Ohio, on October 28, 2005, on a charge of falsification.  The Probation Officer further reported that Defendant Lee was convicted of that charge on November 8, 2005.  The Officer alleged that the conviction violated the condition of Defendant Lee's supervised release pursuant to which he was prohibited from committing another Federal, state, or local crime.  The Probation Officer further alleged that Defendant Lee had violated the condition of his supervised release pursuant to which he was required to notify the Probation Officer ten days prior to any change of residence or employment by failing to report that he had vacated his sister's Cincinnati residence in September 2005.  The Probation Officer also alleged that Defendant Lee had violated the condition of his supervised release pursuant to which he was prohibited from using narcotics or other controlled substances.  The Probation Officer reported that Defendant Lee had given a urine specimen in August 2005 and that the specimen had tested positive for marijuana.  The Probation Officer reported that Defendant Lee admitted to the use of marijuana after that date but had failed to report for drug testing.  Finally, the Probation Officer alleged that Defendant Lee had violated the special condition of his supervised release pursuant to which he was required to participate in a program of substance abuse testing, treatment, and counseling and a program of mental health assessment and treatment.  The Probation Officer reported that Defendant Lee had missed numerous appointments for counseling and/or assessment for mental health and substance abuse treatment.

      The Defendant has admitted his guilt as to the alleged violations of the conditions of his supervised release.  Accordingly, the Court hereby finds the Defendant **GUILTY** of violating the conditions of his supervised release with which he is charged.

## Sentence on Revocation of Supervised Release

The Defendant's supervised release is hereby **REVOKED**. The Defendant is hereby **SENTENCED** to imprisonment for a period of **TWENTY-FOUR (24) MONTHS**.

## Reasons for Sentence on Revocation of Supervised Release

Pursuant to the policy statement at Section 7B1.1(b) of the United States Sentencing Guidelines ("U.S.S.G."), when a defendant commits more than one violation of the conditions of supervised release or where the offense conduct constitutes a violation of more than one condition, the grade of the violations is determined by the violation having the most serious grade;

The present violations constitute violations of the standard and special conditions of supervised release and violations of law with maximum penalties of 12 months of incarceration; therefore, they are Grade C violations, pursuant to the policy statement at U.S.S.G. § 7B1.1(a)(3)(A) and (B);

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), the Court may revoke Defendant Lee's supervised release or extend the period of supervised release and modify the conditions of supervision;

Defendant's criminal history category at the time of his initial sentencing was V;

According to the policy statement at U.S.S.G. § 7B1.4, the sentencing range applicable to the Defendant's supervised release violations is seven (7) to thirteen (13) months;

The maximum term of imprisonment authorized by statute for Defendant Lee's violation is two (2) years, according to 18 U.S.C. § 3583(e); and

In accordance with the policy statement at U.S.S.G. § 7B1.3(g)(2), the Court, having imposed the maximum period of incarceration, may not sentence Defendant Lee to a period of supervised release to follow incarceration.

The Defendant is notified by this Court that he has a right to appeal this sentence, and if he is unable to pay the cost of an appeal, he has the right to apply to this Court for leave to proceed in forma pauperis. If he is indigent and cannot retain a lawyer, he may apply, and one will be appointed to represent him in his appeal.

   The Defendant is further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, he must file his notice of appeal with the Clerk of the United States District Court within 10 days of the filing of this judgment, January 26, 2006. Therefore, he must file his notice of appeal on or before February 6, 2006.

   This Court hereby advises the Defendant that if he so requests, the Clerk of this Court will prepare and file forthwith a notice of appeal on his behalf.

/s/
Sandra S. Beckwith
United States District Chief Judge

January 26, 2006
Date

R E T U R N

I have executed this Judgment as follows:

_____

_____ Defendant delivered
on _____ to _____ at _____, with a certified copy of this judgment.

          _____United States Marshal

          By_____
            Deputy Marshal